UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER THOMAS** | : | Case Number |
|     **Plaintiff** | : | |
| | : | |
|     vs. | : | **CIVIL COMPLAINT** |
| | : | |
| **TRANS UNION, LLC** | : | |
|     & | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.** | : | |
|     & | : | |
| **EQUIFAX INFORMATION** | : | |
| **SERVICES, LLC** | : | |
|     & | : | |
| **FIRST PREMIER BANK** | : | |
|     & | : | |
| **WEBBANK** | : | **JURY TRIAL DEMANDED** |
|     & | : | |
| **BLUESTEM BRANDS,** | : | |
| **INC. d/b/a FINGERHUT** | : | |
|     & | : | |
| **CREDIT ONE FINANCIAL** | : | |
| **d/b/a CREDIT ONE BANK** | : | |
|     **Defendants** | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

      **COMES NOW,** Plaintiff, Jennifer Thomas, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

      1.    Plaintiff, Jennifer Thomas, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, as well as for relief from Defamation of Character.

1

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.  Venue in this district is proper in that Defendant Trans Union maintains a primary location in this District.

## III. PARTIES

4.  Plaintiff, Jennifer Thomas (hereinafter referred to as "Plaintiff") is an adult natural person with an address of 1002 Elder Avenue, Bronx, New York 10472.

5.  Defendant, Trans Union, LLC (hereafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.  Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7.  Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8.  Defendant, First Premier Bank (hereinafter referred to as "Defendant First Premier"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 601 S. Minnesota Avenue, Sioux Falls, South Dakota 57104.

9. Defendant, WebBank (hereinafter referred to as "Defendant WebBank"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 215 South State Street, Suite 1000, Salt Lake City, UT 84111.

9. Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter referred to as "Defendant Fingerhut"), at all times relevant hereto, is and was a company engaged in the business of retail sales with an address of 6509 Flying Cloud Drive #200, Eden Prairie, Minnesota 55344.

10. Defendant, Credit One Financial d/b/a Credit One Bank (hereinafter referred to as "Defendant Credit One"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

## IV. FACTUAL ALLEGATIONS

11. After being denied credit, Plaintiff noticed that her credit reports inaccurately showed that she was said to have written off and/or open accounts with Defendants First Premier Bank, WebBank, Fingerhut, and Credit One Financial.

12. One of Plaintiff's alleged accounts with Defendant First Premier was written off when Plaintiff was a minor; Plaintiff's other alleged account with Defendant First Premier allegedly posted late payments when Plaintiff was a minor.

13. Neither of these alleged accounts with Defendant First Premier belongs to Plaintiff.

14. Plaintiff's alleged accounts with Defendants WebBank and Fingerhut were opened when Plaintiff was a minor.

15. This alleged accounts with Defendants WebBank and Fingerhut also do not belong to Plaintiff.

16. Plaintiff's alleged account with Defendant Credit One was written off when Plaintiff was a minor.

17. This alleged account with Defendant Credit One also does not belong to Plaintiff.

18. Accordingly, on or about December 30, 2015, Plaintiff disputed the accuracy of the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial directly with Defendants First Premier, WebBank, Fingerhut, and Credit One Financial.

19. On or about December 30, 2015, Plaintiff disputed the accuracy of the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial with Defendants Trans Union, Experian and Equifax.

20. On or about December 30, 2015, Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's dispute.

21. On or about January 8, 2016, Defendant Credit One sent correspondence to Plaintiff wherein they stated that they did not currently have an account under Plaintiff's name, or that they were unable to locate an account for Plaintiff.

22. In response to Plaintiff's dispute to them, Defendants Trans Union, Equifax and Experian did not correct the inaccuracies within the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial, and instead notified Plaintiff that these accounts had been "verified."

23. Defendants Trans Union, Experian, Equifax, First Premier, WebBank, Fingerhut, and Credit One Financial all failed to mark the trade line of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial as "disputed."

24. As of the date of the filing of this Complaint, Defendant Trans Union continues to report the trade lines of Defendants WebBank, Fingerhut, and Credit One Financial inaccurately, and neither Defendant Trans Union, WebBank, Fingerhut, nor Credit One Financial have marked these trade lines as "disputed."

25. As of the date of the filing of this Complaint, Defendant Experian continues to report the trade line of Defendant First Premier inaccurately, and neither Defendant Experian nor First Premier has marked this trade line as "disputed."

26. As of the date of the filing of this Complaint, Defendant Equifax continues to report the trade lines of Defendants WebBank, Fingerhut, and Credit One Financial inaccurately, and neither Defendant Equifax, WebBank, Fingerhut, nor Credit One Financial have marked these trade lines as "disputed."

27. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to be declined for various bank loans from several lenders.

28. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

29. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

30. Aside from the inaccurate and misleading information reported pertaining to the alleged accounts of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial, Plaintiff has an excellent credit history.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

34. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Parties*

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto, Defendants Trans Union, Equifax and Experian were "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(b) and (f).

37. At all times pertinent hereto, Defendants First Premier, WebBank, Fingerhut, and Credit One Financial were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

38. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

39. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

40. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax and Experian are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8).

41. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants First Premier, WebBank, Fingerhut, and Credit One Financial are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

(d) Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

(e) Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

(f) Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

(g) Failing to provide notice of dispute in violation of 15 U.S.C. §1681s-2(a)(3); and

(h) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(a)(8).

42. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

8

that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1681n;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II– DEFAMATION OF CHARACTER
*Plaintiff v. All Parties*

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

45. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

46. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

47. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

48. The falsehoods within the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial constitute falsehoods concerning Plaintiff's credit history.

49. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

50. Defendants continue to publish the false and negative information within the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial on Plaintiff's credit history up through the present time.

51. Defendants knew that the information within the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

52. The publications of the information within the trade lines of Defendants First Premier, WebBank, Fingerhut, and Credit One Financial on Plaintiff's credit report constitute libel per se.

53. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

54. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: February 1, 2016**　　　　**BY:** */s/Brent F. Vullings*
　　　　　　　　　　　　　　　　Brent F. Vullings, Esquire
　　　　　　　　　　　　　　　　Vullings Law Group, LLC
　　　　　　　　　　　　　　　　3953 Ridge Pike, Suite 102
　　　　　　　　　　　　　　　　Collegeville, PA 19426
　　　　　　　　　　　　　　　　610-489-6060
　　　　　　　　　　　　　　　　Attorney for Plaintiff